IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UTILITY PRODUCTS COMPANY, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3-06-CV-1948-M |
| | § | |
| USCO POWER EQUIPMENT | § | |
| CORPORATION, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION**

Before the Court is Defendant USCO Power Equipment Corporation's Motion for Summary Judgment. Having considered the briefs and supporting evidentiary submissions of all parties, the Court concludes that there are no genuine issues of material fact as to Utility Products Company's claims and that USCO is entitled to judgment as a matter of law. Accordingly, the Court **GRANTS** USCO's Motion for Summary Judgment.

### I. FACTUAL BACKGROUND

This breach of contract suit arises from a claim by Plaintiff Utility Products Company, Inc. ("UPC") against Defendant USCO Power Equipment Corporation ("USCO") alleging untimely commission payments during agreements by which UPC operated as a commissioned sales agent of USCO. USCO is a company based in Alabama that specializes in manufacturing high-voltage air-break disconnecting switches designed for applications in substations, transmission lines, and power distribution systems. USCO sells its products to companies in

1

several states, including Texas. Abbey Zimmerman is the president of UPC, a company he formed to sell USCO's products in Texas, as USCO's direct sales agent. Pursuant to a written agreement ("Agreement"), UPC became a commissioned sales agent for USCO in 1952, on a commission basis, and continued in that capacity until 2006, when its Agreement with USCO was terminated by USCO pursuant to the express terms of the Agreement.

The Agreement provides that "all commissions shall be due and payable the next month following shipment of orders." However, since at least 1999, USCO has consistently made late commission payments to UPC. Some payments were as many as several months late, but all earned commissions were eventually paid in full. UPC accepted every late payment and never demanded prompt payment by USCO.

## II. PROCEDURAL BACKGROUND

On August 8, 2006, UPC filed suit against USCO in state court, alleging its commission payments were late, and that this was a breach of the Agreement. On October 6, 2006, UPC amended its petition by adding a claim under the Texas Sales Representative Act ("TSRA"), alleging that it was entitled to recover three times the amount of all commissions paid late by USCO. Based on the amendment, USCO removed the case to this Court and then filed the subject Motion for Summary Judgment.

USCO argues that there are no genuine issues of material fact as to UPC's breach of contract claim, and that the TSRA does not apply because (1) all owed commissions were paid by USCO, and (2) UPC was not soliciting *wholesale* orders. USCO further claims to establish, as a matter of undisputed fact and as a matter of law, its affirmative defenses of waiver, modification, and payment. USCO also argues that UPC's quantum meruit claim fails as a

2

matter of law because the Agreement governed the relationship between the parties. UPC responds that the late payments caused it to lose the use of its money and interest on that money. UPC also argues that the TSRA does apply because it is designed to protect sales representatives from companies that fail to comply with sales representative contracts.

## III. ANALYSIS

*Summary Judgment Standard*

Summary judgment is warranted when the facts and law show that no reasonable trier of fact could find for the nonmoving party as to any material fact. See FED. R. CIV. P. 56; Lujan v. Nat'l *Wildlife Fed'n*, 497 U.S. 871, 888 (1990); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–25 (1986). "The moving party bears the initial burden of identifying those portions of the pleadings and discovery in the record that it believes demonstrate the absence of a genuine issue of material fact, but is not required to negate elements of the nonmoving party's case." *Lynch Props., Inc. v. Potomac Ins. Co.*, 140 F.3d 622, 625 (5th Cir. 1998) (citing *Celotex*, 477 U.S. at 322–25). Once the movant carries its initial burden, the burden shifts to the nonmovant to show that summary judgment is inappropriate. *Fields v. City of S. Houston*, 922 F.2d 1183, 1187 (5th Cir. 1991).

The nonmovant is then required to go beyond the pleadings and designate specific facts that prove the existence of a genuine issue of material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). In determining whether genuine issues of material fact exist, "factual controversies are construed in the light most favorable to the nonmovant, but only if both parties have introduced evidence showing that a controversy exists." *Lynch Props.*, 140 F.3d at 625; *See also Keelan v. Majesco Software, Inc.*, 407 F.3d 332, 338 (5th Cir. 2005). "If

the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Friou v. Phillips Petroleum Co.*, 948 F.2d 972, 974 (5th Cir. 1991).

***Texas Sales Representative Act***

The TSRA provides that a sales representative may recover damages relating to commissions payable. The TSRA states:

> A principal who fails to comply with a provision of a contract under Section 35.82 relating to payment of a commission or fails to pay a commission as required by Section 35.83 is liable to the sales representative in a civil action for three times the unpaid commission sustained by the sales representative plus reasonable attorney's fees and costs.

Tex. Bus. & Com. Code Ann. § 35.84 (Vernon 2002). The TSRA defines a "sales representative" as "an independent contractor who solicits on behalf of a principal orders for the purchase at wholesale of the principal's product." Tex. Bus. & Com. Code Ann. § 35.81(3) (Vernon 2002).

UPC argues that, under the TSRA, it can recover damages for late commission payments made during the course of the Agreement. USCO argues that the TSRA does not apply to UPC's claims because there are no "unpaid" commissions and UPC was not a "sales representative" as defined by the TSRA.

The Court finds that the TSRA does not apply to UPC's claims for two reasons. First, the TSRA only applies in cases in which sales commissions were actually unpaid, not paid late. *See Mendoza v. COMSAT Corp.*, 201 F.3d 626, 627 (5th Cir. 2000); *Century Sales, Inc. v. Jupiter Aluminum, Inc.*, 2002 WL 31875610, at *1 (N.D. Tex. 2002); *Liszt v. Karen Kane, Inc.*, 2001 WL 739076, at *3 (N.D. Tex. 2001); *John Havlir & Assocs., Inc. v. Tacoa, Inc.*, 810 F. Supp.

4

752, 753 (N.D. Tex. 1993). Here, both Plaintiff and Defendant agree that there are no outstanding unpaid sales commissions. Second, the TSRA is designed to protect those that solicit orders for purchase at *wholesale*. While the TSRA does not define "wholesale," a Texas appellate court has defined it as "the sale of goods in quantity for resale, either separately or as a component." *C. M. Asfahl Agency v. Tensor, Inc.*, 135 S.W.3d 768, 784 (Tex. App.–Houston [1st Dist.] 2004, no pet.). Testimony produced by both parties confirms that UPC did not sell USCO's products to others for resale. Both the president of UPC and the president of USCO admitted in their depositions that USCO's products were not the type that would be resold by the companies from which UPC solicited orders. Therefore, the TSRA does not apply because UPC was not a "sales representative" under the terms of the statute.

*Quantum Meruit*

To recover in quantum meruit, a plaintiff must prove four elements: "(1) valuable services and/or materials were furnished, (2) to the party sought to be charged, (3) which were accepted by the party sought to be charged, and (4) under such circumstances as reasonably notified the recipient that the plaintiff, in performing, expected to be paid by the recipient." *Heldenfels Bros., Inc. v. City of Corpus Christi*, 832 S.W.2d 39, 41 (Tex. 1992). Further, "a plaintiff who seeks to recover the reasonable value of services rendered or materials supplied will be permitted to recover in quantum meruit only when there is no express contract covering those services or materials." *Truly v. Austin*, 744 S.W.2d 934, 936 (Tex. 1988).

UPC's quantum meruit claim fails because there was an express contract relating to the exact services that are the subject of this claim. *Id*. The express contract governs because it

provided a reasonable value for the services rendered.

*Breach of Contract*

To prevail on a breach of contract claim under Texas law, a plaintiff must prove "(1) existence of a valid contract, (2) performance or tendered performance by the plaintiff, (3) breach of contract by the defendant, and (4) damages to the plaintiff resulting from the breach." *Kay v. N. Tex. Rod & Custom*, 109 S.W.3d 924, 927 (Tex. App.–Dallas 2003, no pet.).

The Court finds that USCO is entitled to summary judgment on UPC's breach of contract claim on the basis of modification and waiver. This Court has previously held that a contract governing commission payments had been modified by plaintiff's continued acceptance of a lower commission rate. *Century Sales, Inc. v. Jupiter Aluminum, Inc.*, 2002 WL 31875610, at *3 (N.D. Tex. 2002). As in this case, with respect to late payments, the plaintiff in *Century Sales* did not complain about the lower sales commission paid until the defendant terminated the sales agreement years later. *Id*. Here, USCO made consistently late payments to UPC, which continued to accept those commission payments without demand for prompt payment, resulting in a modification of the payment terms, at least as to past payments.

UPC also waived its right to dispute late payments. Waiver is the intentional relinquishment of a known right, either through words or conduct inconsistent with claiming such right. *Tenneco Inc. v. Enter. Prods. Co.*, 925 S.W.2d 640, 643 (Tex. 1996). Waiver may also be established by prolonged silence or inaction, so as to show the intent to yield a known right. *Id*. UPC continued to accept late commission payments and admits that it never demanded prompt payment from USCO. By failing to demand prompt payment and by continuing to accept

late payments, UPC waived its right to make a claim against USCO for late payments.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** USCO's Motion for Summary Judgment.

**SO ORDERED.**

**DATE:** December 18, 2007.

_____
**BARBARA M.G. LYNN**
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF TEXAS**